

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00422-CR

ANDREW MARTINEZ                                          APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. CR12433

----------

## MEMORANDUM OPINION[1]

----------

Appellant Andrew Martinez entered a plea of guilty on August 13, 2013, to indecency with a child by contact. The trial court placed Martinez on deferred adjudication community supervision for ten years. On December 30, 2013, and upon the State's motion, Martinez's community supervision was modified by adding the conditions that he serve 120 days in jail and attend psychological

---

[1]See Tex. R. App. P. 47.4.

counseling for sex offenders. Later, on September 9, 2014, the State petitioned the trial court to proceed to adjudication. At the adjudication hearing, held on October 7, 2014, Martinez entered pleas of "True" to each of the State's allegations. After hearing testimony, the trial court adjudicated Martinez guilty of indecency with a child by contact and sentenced him to fifteen years' incarceration. This appeal followed.

Martinez's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. Counsel avers that in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). This court informed Martinez that he was entitled to file a pro se brief, but he did not do so. The State did not submit a brief as well.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit—we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 24, 2015